FILED
2011 Feb-24 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TRACIE HALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:11-MC-0019-VEH |
| | ) |
| **CHEAHA MENTAL HEALTH,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION AND PROCEDURAL HISTORY

On January 3, 2011, Plaintiff Tracie Hall ("Ms. Hall") filed an Application Under Section 706(f) of the Civil Rights Act of 1964 (Doc. 1) (the "Title VII Application")[1] against Cheaha Mental Health ("Cheaha"), which Ms. Hall appears to allege is a former employer of Ms. Hall. (*See generally* Doc. 1; *see also* Doc. 1 at 1 (listing Talladega Healthcare and Rehab Select as current employer)). Within this Title VII Application, Ms. Hall has requested that an attorney be appointed to represent her and that she be permitted to commence her action without prepaying any fees. (Doc. 1 at 1).

---

[1] The Civil Rights Act of 1964 is a federal anti-discrimination law that is also commonly referred to as Title VII.

Because of concerns over its jurisdiction to hear Ms. Hall's case, on January 5, 2011, the court ordered her to file an Amended Application no later than February 21, 2011. (Doc. 2 at 4, 5). In this same order, the court deferred ruling on Ms. Hall's requests for the appointment of counsel and a waiver of prepayment of fees. (Doc. 2 at 6).

Finally, the court made it clear to Ms. Hall that if she failed "**to timely replead as required, then the court may dismiss this case <u>without prejudice</u> for want of prosecution. Fed. R. Civ. P. 41(b).**" (Doc. 2 at 5-6). The February 21, 2011, repleading deadline has passed without Ms. Hall's complying with the court's January 5, 2011, order or alternatively seeking additional time in which to do so.[2]

## II.   ANALYSIS

Case law reinforces that, as a result of Ms. Hall's failure to comply with this court's order requiring repleading, the court possesses inherent power to dismiss this case. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that judicial power to dismiss arises from court's inherent authority to enforce its orders);

---

[2] The court acknowledges that February 21, 2011, was a federal holiday. This means that under Rule 6 of the Federal Rules of Civil Procedure, Ms. Hall had until February 22, 2011, to replead her case. *See* Fed. R. Civ. P. 6(a)(1)(C) (instructing to "include the last day of the period, <u>but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday</u>") (emphasis added). This extended deadline has passed without any action by Ms. Hall.

*see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *see also, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."); Fed. R. Civ. P. 37(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Ms. Hall's disregard of this court's order requiring repleading means that she has foregone the opportunity to further pursue her currently pending case. However, as this court has previously explained to Ms. Hall, "because the dismissal would be entered 'without prejudice' by the court, Ms. Hall's right, if any, to sue in state or federal court would not be barred by such a dismissal." (Doc. 2 at 7).

### III. CONCLUSION

Ms. Hall's case is due to be dismissed without prejudice because of her failure to prosecute. Additionally, Ms. Hall's requests for the appointment of a lawyer and a waiver of the requirement to prepay fees are due to be termed as moot. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 24th day of February, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge